UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARSHALL BURGESS, JR.,<br><br>Plaintiff<br><br>v.<br><br>WESTLAKE FINANCIAL,<br>DOLAN TOYOTA,<br><br>Defendants | Case No.: 3:23-cv-00661-CSD<br><br>**Order**<br><br>Re: ECF No. 11 |

Before the court is defendant Dolan Toyota's motion to dismiss for (1) lack of jurisdiction; (2) failure to state a claim; and (3) insufficient service of process. (ECF No. 11.) Plaintiff filed a response. (ECF No. 34.)[1] Dolan Toyota filed a reply. (ECF No. 35.)

For the reasons set forth below, Dolan Toyota's motion is granted.

**I. BACKGROUND**

Plaintiff filed this action against Westlake Financial (Westlake) and Dolan Toyota. Plaintiff alleges he is a citizen of Sparks, Nevada, Westlake is located in Los Angeles, California, and Dolan Toyota is located in Reno, Nevada.

Plaintiff alleges that on February 24, 2023, he and his wife went to Dolan Toyota in Reno, Nevada, and looked at a car—a 2020 Mazda CX-30. Plaintiff's credit was not good enough, so he was required to provide $4,500 for a down payment. He alleges that it is illegal to require a down payment in connection with a consumer credit transaction under 15 U.S.C.

---

[1] Plaintiff's response states that he has been doing dialysis and is sick which has stopped him from going to the law library. He nevertheless asserts various reasons why Defendants' motions to dismiss should be denied, and did not request additional time to respond to the motions.

§ 1662b. He also cites 15 U.S.C. § 1635 for the proposition that it requires the return of money or property following rescission of an agreement.

Plaintiff goes on to allege that on April 13, 2023, Westlake purchased his motor vehicle contract from Dolan Toyota. He contends that $647.30 was taken out of his bank account on April 11, 2023, and then on April 13, 2023, Westlake took another $642.30 from his account. When he became aware of this, Plaintiff called Westlake and asked why he was charged twice for his payment. He asked that they put the second payment back into his account. On April 14, 2023, Westlake returned the $642.30 to his account.

Plaintiff avers he never had a late payment with Westlake, however, he later asserts that in November of 2023, his iPhone was stolen and money was taken out of his bank account. He claims his November payment was stolen from his account, and this is the only time he missed a payment.

Plaintiff states that Westlake became mad after he asked them to put the money for the double payment back in his account in April 2023, and retaliated against him by reporting false information to the credit bureaus, Equifax, Experian and TransUnion, causing him financial harm because he was denied home loans and credit cards.

Dolan Toyota moves to dismiss Plaintiff's complaint on the grounds that: (1) it fails to state a claim for relief against Dolan Toyota; (2) there is no basis for jurisdiction as to Dolan Toyota; and (3) Plaintiff failed to properly serve Dolan Toyota.

///

///

///

///

## II. DISCUSSION

A. Legal Standards

### 1. Rule 12(b)(1) – Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, 139 S.Ct. 1743, 1746 (2019) (citation and quotation marks omitted).

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Id*. "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id*. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id*. (citation omitted). Congress has given federal courts jurisdiction in certain other instances, none of which are applicable here.

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of an action for lack of subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377.

A party may assert a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Dolan Toyota is asserting a facial attack, which argues that the allegations on the face of the complaint are insufficient to invoke federal jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**2. Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted**

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678.

The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Analysis**

"District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Crum v. Circus Circus Enterp.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)). That is to say, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). Here, complete diversity of citizenship does not exist as Plaintiff is a citizen of Nevada, and Plaintiff alleges Dolan Toyota is also a citizen of Nevada.

Therefore, in order to have subject matter jurisdiction over this case, it must present a federal question.

The only allegations directed toward Dolan Toyota are that it required Plaintiff to provide a $4,500 down payment, which Plaintiff claims is illegal under 15 U.S.C. § 1662b, and a citation to 15 U.S.C. § 1635, which Plaintiff claims requires the return of money or property following rescission.

There is no 15 U.S.C. § 1662b. However, 15 U.S.C. § 1662 provides: "No *advertisement* to aid, promote, or assist directly or indirectly any extension of consumer credit may state … (2) that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662 (emphasis added).

It does not provide that a down payment cannot be collected in a consumer credit transaction. Instead, this statute governs advertisements concerning an extension of consumer credit. Therefore, Plaintiff does not state a claim against Dolan Toyota based on 15 U.S.C. § 1662. The court is unaware of any other statute or law that would preclude Dolan Toyota from requiring a down payment for the purchase of the vehicle.

15 U.S.C. § 1635 provides that in a consumer credit transaction "in which a security interest … is or will be retained or acquired *in any property which is used as the principal dwelling of the person to whom credit is extended*, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms[.]" 15 U.S.C. § 1635(a) (emphasis added). "When an obligor exercises his right to rescind under subsection (a) …[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b).

Plaintiff does not allege that a security interest was retained in a property used as his principal dwelling. Nor does he allege that he gave notice of the intent to rescind by midnight on the third business day after the transaction was consummated or delivery of the information and rescission forms. Nor is it plausible that Dolan Toyota would take a security interest in his principal dwelling. For one thing, this was a transaction to purchase a vehicle. Second, Plaintiff admits that Westlake Financial purchased the contract from Dolan Toyota, so Dolan Toyota would not have retained any security interest. Finally, Plaintiff does not allege he gave notice to

rescind within the required timeframe as he alleges that he made payments on the vehicle for months.

In sum, Plaintiff fails to state any claim for relief against Dolan Toyota. While the possibility exists that the court may still exercise jurisdiction over this matter by virtue of claims asserted against defendant Westlake Financial[2], it remains that Dolan Toyota should be dismissed for failure to state a claim. Amendment would be futile as to Dolan Toyota; therefore, the dismissal will be with prejudice. In light of this conclusion, the court need not reach Dolan Toyota's argument regarding service.

### III. CONCLUSION

Dolan Toyota's motion to dismiss (ECF No. 11) is **GRANTED**. The Clerk shall enter JUDGMENT in Dolan Toyota's favor.

**IT IS SO ORDERED**.

Dated: June 7, 2024

_____
Craig S. Denney
United States Magistrate Judge

---

[2] Westlake has also filed a motion to dismiss, which is addressed in a separate order.