UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARSHALL BURGESS, JR.,

    Plaintiff

v.

WESTLAKE FINANCIAL; DOLAN TOYOTA,

    Defendants

Case No.: 3:23-cv-00661-MMD-CSD

**Order**

Re: ECF No. 18

Before the court is a motion to dismiss filed by defendant Westlake Services, LLC dba Westlake Financial.[1] (ECF No. 18.) Plaintiff filed a response. (ECF No. 34.)[2]

For the reasons set forth below, Westlake's motion is granted.

# I. BACKGROUND

Plaintiff filed this action against Westlake and Dolan Toyota. Plaintiff alleges that on February 24, 2023, he and his wife went to Dolan Toyota in Reno, Nevada and looked at a car—a 2020 Mazda CX-30. Plaintiff's credit was not good enough, so he was required to provide $4,500 for a down payment. He alleges that it is illegal to require a down payment in connection with a consumer credit transaction under 15 U.S.C. § 1662b. He also cites 15 U.S.C. § 1635, asserting that it requires the return of money or property following rescission.

---

[1] Plaintiff named Westlake Financial, the dba of Westlake Services, LLC, in the complaint, but in this Order the court will simply refer to the defendant as Westlake.

[2] Plaintiff's response states that he has been doing dialysis and is sick which has stopped him from going to the law library. He nevertheless asserts various reasons why Defendants' motions to dismiss should be denied, and did not request additional time to respond to the motions.

Plaintiff goes on to allege that on April 13, 2023, Westlake purchased his motor vehicle contract from Dolan Toyota. He contends that $647.30 was taken out of his bank account on April 11, 2023, and then on April 13, 2023, Westlake took another $642.30 from his account. When he became aware of this, he called Westlake and asked why he was charged twice for his payment. He asked that they put the second payment back into his account. On April 14, 2023, they returned the $642.30 to his account.

Plaintiff avers he never had a late payment with Westlake, however, later states that in November of 2023, his iPhone was stolen and money was taken out of his bank account. He claims his November payment was stolen from his account, and this is the only time he missed a payment.

Plaintiff states that Westlake became mad after he asked them to put the money for the double payment back in his account in April 2023, and retaliated against him by reporting false information to the credit bureaus, Equifax, Experian and TransUnion, causing him financial harm because he was denied home loans and credit cards.

Westlake moves to dismiss Plaintiff's complaint, arguing that he fails to state a claim upon which relief may be granted.[3]

## II. DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this

---

[3] Dolan Toyota has also filed a motion to dismiss, which is addressed in a separate order.

standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678.

The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Analysis**

First, insofar as the complaint can be interpreted as asserting a claim against Westlake for violation of 15 U.S.C. § 1635, Plaintiff fails to state a claim. 15 U.S.C. § 1635 provides that in a consumer credit transaction "in which a security interest … is or will be retained or acquired *in any property which is used as the principal dwelling of the person to whom credit is extended*, the obligor shall have the right to rescind the transaction until midnight of the third business day

following the consummation of the transaction or the delivery of the information and rescission forms[.]" 15 U.S.C. § 1635(a) (emphasis added). "When an obligor exercises his right to rescind under subsection (a) …[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b).

Plaintiff does not allege any facts related to a principal dwelling and his complaint concerns the purchase and financing for a vehicle. Amendment in this regard would be futile, because even if he were to allege that Westlake took a security interest in property used as a principal dwelling, the right to rescind expires midnight of the third business day following consummation of the transaction, and Plaintiff alleges that he continued to make payments on the vehicle for months after the transaction commenced.

Next, Westlake argues that Plaintiff fails to state a claim against it under 15 U.S.C. § 1662. The complaint alleges that it was illegal for a down payment to be required, but Plaintiff alleges it was Dolan Toyota that collected the down payment, not Westlake. In any event, 15 U.S.C. § 1662 provides: "No *advertisement* to aid, promote, or assist directly or indirectly any extension of consumer credit may state …(2) that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662 (emphasis added).

It does not provide that a down payment cannot be collected in a consumer credit transaction. Therefore, Plaintiff does not state a claim against Westlake based on 15 U.S.C. § 1662.

Third, Westlake contends that Plaintiff fails to state any claim against it under the Fair Credit Reporting Act (FCRA). Plaintiff references 15 U.S.C. § 1681. However, this section relates to congressional findings and a statement of purpose for the FCRA.

The FCRA is designed "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (citation and quotation marks omitted). "[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to a CRA[4], called 'furnishers' in the statute." *Id*. 15 U.S.C. § 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies[.]" *Id*.

Under 15 U.S.C. § 1681s-2(a), a furnisher has a duty to provide accurate information. That is to say, they "shall not furnish information relating to a consumer to any consumer reporting agency if the[furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). They may likewise not furnish information to a consumer reporting agency if the consumer has notified them that specific information is inaccurate, and the information is, in fact, inaccurate. 15 U.S.C. § 1681s-2(a)(1)(B)(i)-(ii).

The furnisher of credit information also has certain duties if it is notified by a CRA that the consumer disputes the information. These duties include the duty to conduct an investigation with respect to the disputed information. 15 U.S.C. § 1681s-2(b)(1). "[N]otice of a dispute received directly from the consumer does not trigger the furnisher's duties under subsection (b)." *Gorman*, 584 F.3d at 1154. Instead, notice is required from the CRA.

"A consumer may sue a furnisher and recover damages if the furnisher willfully or negligently violated the FCRA." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 121251 (9th Cir.

---

[4] CRA refers to a consumer reporting agency.

1  2022) (citing 15 U.S.C. §§ 1681n, 1681o; *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017)).

2  "However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the

3  duties triggered upon notice of a dispute from a CRA." *Gorman*, 584 F.3d at 1154 (citing 15

4  U.S.C. § 1681s-2(c)). "Duties imposed on furnishers under subsection (a) are enforceable only

5  by federal or state agencies." *Id*. (citing 15 U.S.C. § 1681s-2(d)).

6        Plaintiff alleges that Westlake reported false or inaccurate information to the credit

7  bureaus that he missed a payment. However, this claim is not plausible because Plaintiff admits

8  that he did in fact miss a payment. While he blames this on his iPhone being stolen, he

9  nevertheless admits that a payment was missed. Therefore, if Westlake reported to a credit

10 reporting agency that he missed a payment, this information is accurate. In any event, there is no

11 private action for a claim that only alleges a furnisher provided a CRA with inaccurate credit

12 information.

13       With respect to the double payments that occurred in April, Plaintiff likewise admits that

14 Westlake refunded him for the double payment the very next day after it was reported.

15 Therefore, this is not a basis for a claim under the FCRA.

16       There are no allegations that Westlake failed to undertake any duties imposed on it under

17 subsection (b), *i.e.*, that Westlake was advised by a CRA of a dispute regarding the completeness

18 or accuracy of any information provided by Westlake to a CRA. Given the nature of Plaintiff's

19 allegations, and his admission that he did in fact miss a payment, it does not appear that he will

20 be able to amend to assert a claim against Westlake under 15 U.S.C. § 1681s-2(b).

21       Finally, Westlake asserts that Plaintiff fails to state a claim for retaliation, citing to the

22 standard for asserting a retaliation claim in the employment context. Plaintiff, of course, does not

23 state a claim for retaliation arising out of any employment relationship. Nor does Plaintiff

otherwise state a plausible claim for retaliation. While there are other federal retaliation claims that may be asserted against State actors, Plaintiff is not asserting any claim against a State actor.

In sum, this action will be dismissed with prejudice as to Westlake.

### III. CONCLUSION

Westlake's motion to dismiss (ECF No. 18) is **GRANTED**. Plaintiff's claims against Westlake are **DISMISSED WITH PREJUDICE**. The Clerk shall enter JUDGMENT in Westlake's favor.

**IT IS SO ORDERED**.

Dated: June 7, 2024

Craig S. Denney
United States Magistrate Judge